IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DARRYN CORTESE BRYCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 7:14-CV-011-O-KA |
| | § | |
| DAVID DUKE, *et al.*, | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION

By Order of Reference (ECF 6) this matter was referred to the undersigned for further review, a hearing, if necessary, findings of fact, conclusions of law, and recommendation. Following review of Plaintiff's Complaint, on October 2, 2014 the court issued to the Plaintiff a Magistrate Judge's Questionnaire, (ECF 7) containing questions pertainent to Plaintiff's §1983 personal injury claims against the Wichita County Sheriff and several subordinate officers. As of December 10, 2015 no answers to the questions had been received. Whereupon, the court entered an order establishing January 6, 2015 as a deadline for the answers to the questions posed by the Questionnaire and notifying Plaintiff that failure to timely file such answers may result in the dismissal of his cause. Due notice of that deadline was delivered to Plaintiff on December 11, 2015. (ECF 11) . No answers have yet been filed. I find that Plaintiff, having been duly notified of the time by which answers to the Court's Questionnaire questions must have been filed, Plaintiff has wholly failed to do so without excuse. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) I recommend to the District Court that Plaintiff's cause be DISMISSED as frivolous.

It is so ORDERED, this 4th day of February, 2015.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

  A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

  It is so ORDERED, this 4th day of February, 2015.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE