IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DARRYN CORTESE BRYCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 7:14-CV-011-O-KA |
| | § | |
| DAVID DUKE, *et al.*, | § | |
| Defendants. | § | |

ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files, and records in this case, and of the Report and Recommendation of the United States Magistrate Judge (ECF No. 12), I am of the opinion that fact findings set forth in the Report and Recommendation of the Magistrate Judge are correct and they are hereby adopted and incorporated by reference as the findings of the Court.

The Magistrate Judge has recommended dismissal of Plaintiff's complaint for Plaintiff's repeated failure to submit answers to the Court's questionnaire as ordered. Plaintiff has not filed any objections to the Report and Recommendation.

Rule 41(b), Federal Rules of Civil Procedure, allows the District Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S. Ct. 1386 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record

reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.* In the case at bar, Plaintiff has failed to respond to the Court's questionnaire. Absent compliance with the Court's order, this case cannot proceed.

In light of the status of this case, the imposition of fines and costs is not appropriate. Although he has failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency are best served by dismissal of this action without prejudice. The events of which Plaintiff complaints began in January 2014. *See* Complaint, ECF No. 3 at 1. Therefore, Plaintiff has ample time in which to re-file his complaint prior to the expiration of the two-year statute of limitations.

For the foregoing reasons, this action is DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution.

SO ORDERED this 27th day of February, 2015.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE